# IN THE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| YOVANNY PORTILLO | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| GIORNO TIENTCHEU AND | § | |
| UBER TECHNOLOGIES, INC. | § | |
| | § | |
| *Defendants*. | § | (Jury Trial Demanded) |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Yovanny Portillo (hereinafter referred to as Plaintiff "Portillo") complaining of Defendant Giorno Tientcheu (hereinafter referred to as Defendant "Tientcheu") and Defendant Uber Technologies, Inc. (hereinafter referred to as Defendant "Uber") and would respectfully show unto the Court as follows:

### I.    Nature of the Case

1. Plaintiff Yovanny Portillo was injured as a result of Defendant Tientcheu causing his vehicle to collide with Plaintiff's.

### II.    Parties

2. Plaintiff Yovanny Portillo is an individual who resides in Dallas County, Texas.

3. Defendant Giorno Tientcheu is an individual and may be served with process at 6400 N.W. Expressway, Apt. 933, Oklahoma City, Oklahoma 73132.

4. Defendant Uber Technologies, Inc. (hereinafter referred to as "Uber") is a Delaware Corporation and headquarters are located in San Francisco, CA.  Defendant Uber has an  active

right to transact business in Texas and it may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan street, Suite 900, Dallas, Texas 75201.

### III.   Jurisdiction and Venue

5. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 exclusive of interest and costs, and 28 U.S.C. § 1332(a)(1) is between citizens of different states. Defendants are subject to personal jurisdiction in the State of Texas pursuant to Tex. Civ. Prac. & Rem. Code § 17.042(2) because they committed a tort in the State of Texas.

6. Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas and pursuant to 28 U.S.C. § 1391(c) in that Defendants do business within the Northern District of Texas and are therefore deemed to reside there.

### IV.   Facts

7. This lawsuit is necessary as a result of personal injuries that Plaintiff Portillo received on or about June 7, 2018. At that time, Plaintiff was traveling on Grauwyler Road in Irving, Dallas County, Texas near the intersection with Irving Blvd. At that time, Defendant Tientcheu failed to yield a right of way when attempting to make a right-hand turn at Grauwyler Road, causing his vehicle to collide with Plaintiff Portillo' vehicle. Defendant Tientcheu failed to maintain a proper lookout causing his vehicle to collide with the Plaintiff's vehicle. As a result of this collision, Plaintiff suffered severe bodily injury.

## V. Causes of Action

**A.     Defendant Giorno Tientcheu**

8..     Defendant Tientcheu's aforementioned conduct constitutes negligence, gross negligence and/or negligence per se for one or more of the following reasons:

   a. Failed to yield right of way;

   b. Failed to operate the vehicle safely;

   c. Failed to maintain a proper lookout;

   d. Failed to timely apply brakes;

   e. Failed to take proper evasive action;

   f. Violated applicable, local, state and federal laws and/or regulations;

   g. Other acts so deemed negligent and grossly negligent.

**B.     Defendant Uber Technologies, Inc.**

9.     At all times material hereto, Defendant Tientcheu was operating his vehicle in the course and scope of his employment with Defendant Uber and/or its alter-egos.

10.     As such, Defendant Uber is vicariously liable for Defendant Tientcheu's negligent acts and omissions under the doctrine of *respondeat superior*.

11.     Plaintiff further pleads that Defendant Uber was negligent and/or negligent *per se* for one or more of the following reasons:

   a. Negligently entrusted a motor vehicle to an incompetent driver;

   b. Negligently hired and/or retained employees;

   c. Negligently trained and/or supervised employees;

   d. Violated applicable, local, state and federal laws and/or regulations;

   e. Other acts so deemed negligent.

## VI. <u>Damages</u>

12. As a result of these acts or omission, Plaintiff sustained damages recognizable by law. By the actions and conduct of Defendants as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a. Physical pain and mental anguish sustained in the past.

b. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future.

c. Lost income and/or benefits in the past.

d. Loss of earning capacity sustained in the past.

e. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

f. Disfigurement sustained in the past.

g. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

h. Physical impairment sustained in the past.

i. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future.

j. Medical care expenses incurred in the past.

k. Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.

13. By reason of the above, Plaintiff is entitled to recover damages from Defendants in an amount within the jurisdictional limits of this Court, as well as pre-judgment interest and post-judgment interest.

## VII. <u>Jury Demand</u>

14. Plaintiff hereby demands a trial by jury.

## VIII.  Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiff Yovanny Portillo respectfully prays that upon final hearing, Plaintiff have judgment against the Defendant Giorno Tientcheu and Defendant Uber Technologies, Inc., jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, actual and exemplary damages and, and all such other and further relief, both at law and in equity, which the Court may deem appropriate under the circumstances.

Respectfully submitted,

  /s/ Dana G. Kirk
Dana G. Kirk
**KIRK LAW FIRM, PLLC**
Federal ID No. 6111
TSBN: 11507500
440 Louisiana Street, Ste. 2400
Houston, Texas 77002
713-651-0050 ofc.
713-651-0051 fax
kirk@kirklawfirm.com

John A. Daspit
**Daspit Law Firm, PLLC**
Federal ID No. 1385146
Texas State Bar No. 24048906
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**